IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CILICIA DELAFUENTE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| vs. | ) | |
| | ) | FILE NO. |
| UNUM LIFE INSURANCE COMPANY OF AMERICA | ) ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

### I. JURISDICTION AND PARTIES

1.

This suit is brought and jurisdiction lies under the Employee Retirement Income Security Act (hereinafter "ERISA"), 29 U.S.C. §1001, *et. seq.*

2.

Jurisdiction and venue are proper pursuant to 29 U.S.C. §1132.

3.

Plaintiff, Cilicia DeLaFuente(hereinafter "Plaintiff"), is a citizen of the United States and of the State of Georgia.

4.

Defendant, Unum Life Insurance Company of America (hereinafter "Defendant"), is a foreign corporation doing business for profit in Georgia.

5.

Defendant Unum Life Insurance Company of America may be served with process, pursuant to Rule 4 of the Federal Rules of Civil Procedure, by and through its registered agent, Corporation Service Company, 40 Technology Parkway South, Suite 300, Ben Hill, Norcross, GA 30092.

6.

Defendant Unum Life Insurance Company of America negotiated, maintained and administered the disability policy at issue in this Complaint.

## II. STATEMENT OF FACTS

7.

Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 6 stated above.

8.

Plaintiff's employer, Sibley Heart Center Cardiology, contracted with Defendant to provide long term disability benefits and life insurance to its employees.

9.

At all times material to this action, an insurance policies for long term disability and life insurance were in full force and effect, constituting a binding contracts between Defendant and Sibley Heart Center Cardiology.

10.

Defendant pays long term disability insurance and life insurance to covered employees of Sibley Heart Center Cardiology under the Policies from its own assets.

11.

Sibley Heart Center Cardiology offered long term disability coverage and life insurance coverage to its employees as part of an overall welfare benefit plan, as defined under ERISA.

12.

Plaintiff was an insured employee under Defendant's long term disability and life insurance policies.

13.

Defendant administered the long term disability plan and life insurance plan and made all decisions as to benefits payable to eligible employees of Sibley Heart

Center Cardiology.

14.

Under Defendant's Policy, you are disabled when Unum determines that:

- you are limited from performing the material and substantial duties of your regular occupation due to your sickness or injury; and

- you have a 20% or more loss in your indexed monthly earnings due to the same sickness or injury.

After 24 months of payments, you are disabled when Unum determines that due to the same sickness or injury, you are unable to perform the duties of any gainful occupation for which you are reasonably fitted by education, training or experience.

15.

Under Defendant's Life Insurance policy your are disabled when Unum determines that:

- during the elimination period, you are not working in any occupation due to your injury or sickness; and

- after the elimination period, due to the same injury or sickness, you are unable to perform the duties of any gainful occupation for which you are reasonably fitted by training, education or experience.

16.

Plaintiff worked for Sibley Heart Center Cardiology as an Accounts Receivable Supervisor..

17.

Plaintiff ceased working on August 18, 2014 due to fibromyalgia and neuropathy, blurred vision, poor balance, sleep disturbance, urinary incontinence, swelling, muscle spasms, numbness, tingling, weakness and difficulty ambulating amongst other problems.

18.

On May 29, 2015, Defendant denied benefits stating that the medical evidence did not demonstrate that Plaintiff could not perform her sedentary level occupation.

19.

On November 17, 2015, Plaintiff appealed this decision via certified letter and submitted all of her medical records.

20.

Plaintiff also submitted the results of a two day Functional Capacity Evaluation which found that she was unable to handle ten (10) pounds of force for up to thirty-three (33) percent of the work-day with all lifting and carrying activities.

21.

On November 23, 2015, Plaintiff submitted her pharmacy records.

22.

On December 15, 2015, Plaintiff submitted a signed authorization allowing Defendant to obtain her medical records.

23.

On December 22, 2015, Plaintiff submitted records from Piedmont Henry Hospital.

24.

On February 5, 2016, Defendant denied Plaintiff's claims for Long Term Disability and Life Waiver of Premium claims via letter.

25.

In the February 5, 2016 denial letter, Defendant stated that the available information did not support Plaintiff's inability to perform activities consistent with the demands of her regular occupation based upon a medical records reviewer's opinion.

26.

Administrative remedies have been exhausted.

27.

Defendant's denial of Plaintiff's claims for long term disability benefits and life waiver of premium benefits are a breach of the terms of the policies issued by Defendant.

### III. CLAIM FOR RELIEF

### ENTITLEMENT TO LONG TERM DISABILITY BENEFITS AND LIFE WAIVER OF PREMIUM BENEFITS

28.

Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 27 stated above.

29.

Plaintiff is entitled to long term disability benefits and life waiver of premium benefits under Defendant's Policies for the following reasons:

a. These benefits are permitted under the plans;

b. Plaintiff has satisfied all conditions for eligibility for receipt of these benefits;

c. Plaintiff has not waived or otherwise relinquished her entitlement to these benefits.

30.

Defendant has refused to pay disability benefits and to waiver Plaintiff's life insurance premiums despite substantial medical documentation. As a result of Defendant's failure to pay benefits to Plaintiff, she is entitled to relief as outlined below.

## IV. RELIEF REQUESTED

WHEREFORE, Plaintiff requests judgment of this honorable Court against Defendant as follows:

(1) Find and hold Defendant owes Plaintiff disability benefits in the proper amount from November 15, 2014 and continuing, plus the maximum allowable interest on all back benefits;

(2) Reinstate Plaintiff's life insurance and waive all premiums from May 17, 2015 and continuing;

(3) Enjoin Defendant from any further prohibited acts against Plaintiff;

(4) Award Plaintiff attorneys' fees, including litigation expenses, and the cost of this action; and

(5) Grant other and further relief as may be just and proper.

This the 22nd day of August, 2017.

        ROGERS, HOFRICHTER & KARRH, LLC

        /s/ Heather K. Karrh
        HEATHER KENDALL KARRH
        Ga. State Bar No. 408379
        225 S. Glynn St., Ste. A
        Fayetteville, GA 30214
        (770) 460-1118
        hkarrh@rhlpc.com

        Attorneys for Plaintiff